IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Travis Porter,          )
    Plaintiff,      )
                    )
v.                      )    1:20cv203 (RDA/IDD)
                    )
I. Hamilton, et al.,    )
    Defendants.     )

## MEMORANDUM OPINION

Travis Porter (Porter or Plaintiff), a Virginia inmate proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983, and in his second amended complaint he alleges that the defendants (Israel Hamilton, Warden; Lt. Sawyer, Building Lieutenant; Penden,[1] Counselor; Sgt. Stephenson, Night Shift Sergeant; Lt. Jackson, Watch Commander; Harris, Head of Medical; "Jane Doe," Nurse) violated his Eighth Amendment rights by not protecting him from an attack by another inmate and by delaying adequate medical care for the injury he sustained as a result of the attack while he was detained at the Sussex I State Prison (Sussex I). [Dkt. No. 20]. Defendants Hamilton and Jackson have filed a motion to dismiss, with a supporting brief. [Dkt. Nos. 30, 31]. Porter has been afforded the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has done so. [Dkt. Nos. 34, 36, 38]. In addition, Porter has filed a motion to appoint counsel and seeks discovery. [Dkt. Nos. 37, 38].[2]

---

[1] Defendant Penden's name on the docket sheet is apparently misspelled and appears as "Peden." The Clerk will be ordered to amend the docket sheet to reflect the correct spelling of his name.

[2] To the extent Porter seeks to amend his complaint by raising new matters in a response to a motion, he may not do so through a brief in response to a motion to dismiss. See Hurst v. District of Columbia, 681 F. App'x. 186, 194 (4th Cir. 2017) ("a plaintiff may not amend her complaint via briefing") (citing Commonwealth of Pennsylvania v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)); Zachair, Ltd. v. Driggs, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (a plaintiff is "bound by the allegations contained in [his] complaint and cannot, through the use of motion briefs, amend the complaint."), aff'd, 141 F.3d 1162 (4th Cir. 1998). Any such claims raised in his opposition are not properly before the Court, they will not be addressed here.

Accordingly, this matter is now ripe for disposition. For the reasons that follow, the defendants Motion to Dismiss shall be granted, and the second amended complaint will be dismissed as to defendants Hamilton and Jackson.

## I. Discovery

In his response to the motion to dismiss, Porter's theory of liability for defendant Hamilton, as Warden of Sussex I, is that he "is responsible for all officers working at the prison and for the safety of each inmate housed at the prison" and "is also responsible for any actions and conduct of previous and present employees." [Dkt. No. 38 at 2]. Porter's theory of liability for defendant Jackson, as the shift commander, is that defendant Jackson "is responsible for each and every officer assigned to his shift and for the safety of each inmate at the prison." Id.[3]

Included in his responses to the motion to dismiss, Porter seeks discovery from defendants Hamilton and Jackson of his medical records, "all written statements, grievances, emergency forms, and any reports made of the incident on 10-30-2019 from DOC present or past employees," and "any [and] all rules regulating the incident and the policies and changes that were made." [Dkt. No. 38 at 6]. To the extent that Plaintiff argues that defendants' motion to dismiss should be dismissed pending discovery, the Court notes that when reviewing a motion to dismiss, courts review the allegations in the complaint to determine whether they are sufficient to state a plausible claim for relief.

---

[3] Respondeat superior is not a viable theory of liability for imposition of § 1983 liability. While a supervisor can be held liable for the constitutional injuries inflicted by their subordinates under some circumstances, "[l]iability in this context is not premised on respondeat superior, Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). "'Actual knowledge or awareness on the part of the alleged inflictor' is essential." Adams v. Drew, 906 F. Supp. 1050, 1060 (E.D. Va. 1995) (quoting Brice v. Virginia Beach Correctional Ctr., 58 F.3d 101, 105 (4th Cir. 1995)).

Here, the Court screened Porter's initial complaint, noted deficiencies, and granted him leave to amend. Porter filed an amended complaint on June 4, 2020. [Dkt. No. 5]. The amended complaint was filed and served. It did not mention defendant Jackson. Defendant Hamilton filed a motion to dismiss noting the amended complaint did not establish that he was "personally involved in any conduct amounting to a constitutional violation" and argued that the amended complaint did "not contain sufficient facts from which the court could 'draw the reasonable inference that the defendant is liable for the misconduct alleged,' [and that] the Plaintiff ha[d] not stated a plausible claim against him." [Dkt. No. 14 at 4]. In response, plaintiff sought leave to amend his allegations against defendant Hamilton with "different facts." [Dkt. No. 17 at 6]. The Court granted leave to amend and dismissed defendant Hamilton's motion to dismiss without prejudice. [Dkt. No. 19]. Porter filed his second amended complaint on October 14, 2020. [Dkt. No. 20]. The second amended complaint named defendant Hamilton but did not allege any different facts with regard to him. The second amended complaint named defendant Jackson and made a single factual reference to him.

As expressly recognized by the United States Supreme Court, where a complaint is deficient because it does not allege a plausible claim to relief, a plaintiff "is not entitled to discovery." Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009). As the Eighth Circuit has explained, "[d]iscovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins. Such a dispute presents a purely legal question; there are no issues of fact

because the allegations contained in the pleading are presumed to be true."). Under the circumstances, discovery will not aid resolution of the legal issue before the Court and it will be denied.

## II. Appointment of Counsel

Plaintiff has also moved this Court to appoint counsel to represent him in this matter. however, "[a] pro se prisoner does not have a general right to counsel in a § 1983 action." Evans v. Kuplinski, 713 F. App'x. 167, 170 (4th Cir. 2017) (citing Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989)). A federal district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." See id. Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." See Whisenant, 739 F.2d at 163. Here, plaintiff has responded appropriately to court orders and therefore does not appear to lack the capacity to present his case, at least not at this stage of the litigation. Plaintiff's motions will be denied without prejudice. [Dkt. No. 37].[4]

## III. Statement of Undisputed Facts

"[W]hen ruling on a defendant's motion to dismiss, a [trial] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). So viewed, and as pertinent to this motion, the essential allegations of the complaint are as follows:

---

[4] Plaintiff's motions for extension of time [Dkt. Nos. 33, 35] to obtain affidavits, which have been filed and considered by the Court, will be dismissed as moot.

4

1. Plaintiff Porter is confined in the Virginia Department of Corrections (VDOC) and was housed at the Sussex I at the time this cause of action arose.

2. On or about October 14, 2019, the Plaintiff notified his counselor that he "did not feel safe in [his] current cell," and the counselor responded that the Plaintiff should "get a cell change form and submit it to her the same day." [Dkt. No. 20 at 6].

3. The Plaintiff "got a cell change form" from a floor officer and told that officer that he was "not getting along with my cellie and that I don't feel safe."[Id.].

4. The floor officer told the Plaintiff to "give it to Counselor Penden or Lt. Sawyer who are in charge of cell moves." [Id.].

5. The Plaintiff "gave the cell change form to Counselor Penden who then told [the Plaintiff] that she would speak with" the building lieutenant and "try to find [him] a different cell." [Id.].

6. On October 15, 2019, the Plaintiff saw the building lieutenant and "expressed the same concerns and asked to be moved or placed in seg[regated housing]," and the building lieutenant replied that "she would look into it." [Id.].

7. Also on October 15, 2019, the Plaintiff called a friend, who then called the prison and "expressed concerns" for the Plaintiff's safety "with the warden's office and the 1 building supervisors." [Id. at 7].

8. At 9:45 p.m. on October 30, 2019, the Plaintiff was "stabbed in [his] face by [his] cellmate." [Id.]. Sgt. Stephenson was conducting the count.

9. At approximately 10:00 p.m., after the incident, the Plaintiff "was placed in the shower in 1D pod instead of going to medical," and he remained there until approximately 2:45 a.m. the

next morning when "Lt. Jackson the watch commander during the shift came and took [him] to medical." [Id.].

10. The Plaintiff further alleges that, once he arrived in the medical department, he was told his injury was "just a scratch" and it was treated with Neosporin and then a band aid was applied. [Id. at 8].

11. On November 4, 2019, Plaintiff pulled pieces of plastic from his wound, which was oozing fluid, and was seen by medical. Plaintiff was told his injury was not an emergency and he would be seen by medical on "11/10/19." [Id.].

12. On January 4, 2020, Plaintiff had an X-ray that revealed the presence of a piece of metal that required surgery to remove. [Id.].

## IV. Standard of Review

A motion to dismiss tests whether a complaint states a cause of action upon which relief can be granted. Whether a complaint sufficiently states a claim is determined by "the familiar standard ... under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Accordingly, a plaintiff's alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff's allegations must "raise a right to relief above the speculative level," and "threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. Id.

Where a complaint is filed by a prisoner acting pro se, however, that complaint must be construed liberally regardless of how unskillfully it is pleaded. Haines v. Kerner, 404 U.S. 519, (1972). A pro se litigant is therefore not held to the strict pleading requirements demanded of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Figgins v. Hudspeth, 584 F.2d 1345 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979). For these reasons, a court's "power to summarily dismiss a prisoner's pro se complaint is limited." Figgins, 584 F.2d at 1347.

## V. Analysis

Defendants Hamilton and Jackson assert in their motion to dismiss that the amended complaint does not establish either had knowledge of the alleged danger to Plaintiff or any involvement in Plaintiff's medical treatment. In his response, Plaintiff does not address the defendants' assertion and instead concentrates of the alleged culpability of the other defendants.

An Eighth Amendment claim for denial of medical care must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle, 429 U.S. at 105; Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, Plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291, 1296 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. Young v. City of Mt. Ranier,

238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Id. at 851-52.

Plaintiff also alleges that the defendants failed to protect him from his cellmate. Prison officials have a constitutional duty to take reasonable measures to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). However, not all inmate-on-inmate injuries translate into constitutional liability for prison officials and officers. Farmer, 511 U.S. at 834. A prison official cannot be found liable under the Eighth Amendment for failing to protect an inmate unless the official knows of an excessive risk of danger to inmate health and safety, and the official knowingly and deliberately acts, or fails to act, in a manner that uniquely increases the

risk. Id. at 837; Rich v. Bruce, 129 F.3d 336, 338-40 (4th Cir. 1997). This is a subjective test which requires that the official both be aware of facts from which the inference of danger can be drawn, and that he draws the inference. Farmer, 511 U.S. at 837. The inferred risk of harm may be specific, see Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987), or pervasive, Farmer, 511 U.S. at 842-43; Moore v. Winebrenner, 927 F.2d 1312, 1315-16 (4th Cir. 1991), but the officer must actually draw the inference so as to recognize the risk and then fail to take reasonable steps to alleviate the risk. The Eighth Amendment is not violated by negligent failure to protect inmates from violence. Moore, 927 F.2d at 1316.

"In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'" Wright, 766 F.2d at 850 (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). Consequently, the defendants "must have had personal knowledge of and involvement in the alleged deprivation of appellant's rights in order to be liable." Wright, 766 F.2d at 850.

The amended complaint does not establish defendant Hamilton had either any knowledge of the alleged danger or risk posed by the cellmate, or involvement in the medical treatment after the assault. As defendant Hamilton correctly notes, he "is not even directly referenced in the body of the amended complaint." [Dkt. No. 31 at 5]. Accordingly, his motion to dismiss will be granted.

Meanwhile, Plaintiff's sole allegation involving defendant Jackson is to state that at 2:45 a.m. after the assault, defendant Jackson escorted the Plaintiff from the shower to the medical department. [Id. at 6]. The amended complaint does not establish that Jackson had knowledge of the alleged danger or risk posed by the cell mate. In addition, the amended complaint does not

allege that defendant Jackson in any way delayed in assisting and escorting Plaintiff to receive medical treatment.

Finally, nothing in the amended complaint indicates that the delay between 10:00 p.m. and 2:45 a.m., under five hours, exacerbated Porter's injuries in any way or that the delay was done with a specific intent to punish. To the contrary, the medical personnel that treated Plaintiff that morning found the injury was minor and treated it with Neosporin and a band aid. See Martin v. Gentile, 849 F.2d 863, 871-72 (4th Cir.1988) (fourteen-hour delay did not amount to deliberate indifference where the injuries consisted of a cut over one eye, a quarter-inch piece of glass embedded in the palm, and bruises on plaintiff's shoulders and elbows); see also Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018) ("Where a deliberate indifference claim is predicated on a delay in medical care, we have ruled that there is no Eighth Amendment violation unless 'the delay results in some substantial harm to the patient,' such as a 'marked' exacerbation of the prisoner's medical condition or 'frequent complaints of severe pain.'"). Accordingly, defendant Jackson's motion to dismiss will be granted.

## VI. Conclusion

For the reasons outlined above, defendants' motion to dismiss [Dkt. No. 30] will be granted, and Porter's motions for discovery [Dkt. No. 38 at 6] and to appoint counsel [Dkt. No. 37] will be denied without prejudice through an Order that will issue alongside this Memorandum Opinion.

Entered this 15th day of April 2021.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

10