IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Travis Porter, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:20cv203 (RDA/IDD) |
| ) | |
| I. Hamilton, et al., ) | |
|     Defendants. ) | |

MEMORANDUM OPINION

Travis Porter ("Porter" or "Plaintiff"), a Virginia inmate proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983. [Dkt. No. 1]. In his second amended complaint, Porter alleged that the defendants Israel Hamilton, Warden; Lt. Sawyer, Building Lieutenant; Penden, Counselor; Sgt. Stephenson, Night Shift Sergeant; Lt. Jackson, Watch Commander; Harris, Head of Medical; and "Jane Doe," Nurse, violated his Eighth Amendment rights by not protecting him from an attack by another inmate and by delaying adequate medical care for the injury he sustained as a result of the attack while he was detained at the Virginia Department of Corrections ("VDOC") Sussex I State Prison (Sussex I). [Dkt. No. 20]. Defendants Hamilton and Jackson moved for summary judgment, Porter responded, and the Court granted that motion for summary judgment on April 15, 2021. [Dkt. Nos. 39, 42]. Defendants Sawyer, Penden, and Stephenson filed a motion for summary judgment on June 11, 2021, supported by a brief and exhibits [Dkt. Nos. 51, 52], which is addressed in a separate memorandum opinion.

The matter is presently before the Court on Defendant Harris's motion to dismiss. Plaintiff has been afforded the opportunity to file responsive materials to Defendant Harris's motion to dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he responded by seeking a temporary restraining order, discovery, motions to appoint counsel, a

motion to compel discovery and a declaration in opposition to the motion for summary judgment. [Dkt. Nos. 56-58, 62, 63, 65, 68, 70]. The Court directed the defendants to respond to several of the motions [Dkt. No. 61], and denied the motions in a separate order entered November 17, 2021. [Dkt. No. 71].

Accordingly, this matter is now ripe for disposition. For the reasons that follow, Defendant Harris's motion to dismiss must be granted.

## I. Second Amended Complaint

Plaintiff alleges that he was injured by another inmate at 9:45 p.m. on October 30, 2019 while he was detained at the Sussex I State Prison ("Sussex I"). The inmate stabbed plaintiff under his left eye. [Dkt. No. 20 at 7]. Plaintiff was placed in a shower at approximately 10:00 p.m. and then taken to the medical unit at 2:45 a.m. on October 31, 2019. Plaintiff was treated by the nurse on duty with Neosporin, the nurse applied a band aid, and told plaintiff "it was just a scratch." [Id. at 8]. Plaintiff was seen again on November 4, 2019 and the medical provider who "pulled [pieces] of plastic from [his] face," and fluid was also "leaking" from plaintiff's face. [Id.]. An x-ray on January 4, 2020 showed a piece of metal was "lodged" in plaintiff's face that required surgery to remove. [Id.]. Plaintiff was transferred from Sussex I on February 21, 2020. [Id. at 9].

The second amended complaint names Harris as a defendant, but does not contain any specific allegations connecting him to either Sussex I where plaintiff was detained at that time or to his treatment at the medical unit. The only reference to Harris that appears anywhere in the second amended complaint alleges that he was "Head of Medical on 10-31-19." [Id. at 3].

## II. Standard of Review

A motion to dismiss tests whether a complaint states a cause of action upon which relief

can be granted. Whether a complaint sufficiently states a claim is determined by "the familiar standard ... under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Accordingly, a plaintiff's alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff's allegations must "raise a right to relief above the speculative level," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. Id.

Where a complaint is filed by a prisoner acting pro se, however, that complaint must be construed liberally regardless of how unskillfully it is pleaded. Haines v. Kerner, 404 U.S. 519, (1972). A pro se litigant is therefore not held to the strict pleading requirements demanded of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Figgins v. Hudspeth, 584 F.2d 1345 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979).

### III. Analysis

Liberally construing the second amended complaint and construing it in the light most favorable to plaintiff, Porter alleges that Defendant Harris was the Head of the medical unit on October 31, 2019 when he was initially treated for the stab wound to his face. [Dkt. No. 20 at 3]. Plaintiff makes no allegation that Harris treated his injury or that he had any interaction or

knowledge of the injury. At best, plaintiff is alleging a supervisory liability claim for an Eighth Amendment violation because Harris was in charge of the medical unit on the day he was treated for the injury.

An Eighth Amendment claim for denial of medical care must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle, 429 U.S. at 105; Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291, 1296 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. Young v. City of Mt. Ranier, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the

conscience or to be intolerable to fundamental fairness." <u>Miltier</u>, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." <u>Id.</u> at 851-52.

Finally, negligence is insufficient to meet the deliberate indifference standard. <u>See</u> <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard — a showing of mere negligence will not meet it.") (citation omitted); <u>see also</u> <u>Jackson v. Lightsey</u>, 775 F.3d 170, 178 (4th Cir. 2014) (deliberate indifference "is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference.") (citation omitted). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106.

> Negligence, in general, is not actionable under 42 U.S.C. § 1983. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 328-36 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 345-48, (1986); <u>Ruefly v. Landon</u>, 825 F.2d 792, 793-94 (4th Cir.1987); and <u>Pink v. Lester</u>, 52 F.3d 73, 78 (4th Cir. 1995) (applying <u>Daniels v. Williams</u> and <u>Ruefly v. Landon</u>: "The district court properly held that <u>Daniels</u> bars an action under § 1983 for negligent conduct.").

<u>Thomasson v. Tapper</u>, No. 4:11-0686-DCN-TER, 2012 U.S. Dist. LEXIS 22174, *23 (D.S.C. Jan. 26, 2012), <u>adopted by</u> 2012 U.S. Dist. LEXIS 22125 (D.S.C. Feb. 22, 2012).

While a supervisor can be held liable for the constitutional injuries inflicted by their subordinates under some circumstances, "[l]iability in this context is not premised on respondeat superior, <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978), but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may

5

be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). "'Actual knowledge or awareness on the part of the alleged inflictor' is essential." Adams v. Drew, 906 F. Supp. 1050, 1060 (E.D. Va. 1995) (quoting Brice v. Virginia Beach Correctional Ctr., 58 F.3d 101, 105 (4th Cir. 1995)).

Porter's claim against Defendant Harris is conclusory. There are no factual allegations that support a claim based upon supervisory liability. Further, assuming the stab wound was a serious medical need, there are no facts that would support any claim other than negligence. Even if Porter had alleged sufficient facts to make out a constitutional claim, however, his second amended complaint fails to establish a causal link between Harris and the treatment of Porter's injury. See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009) (in addition to alleging a defendant's deliberate indifference to his medical needs, plaintiff must also prove causation between that indifference and his injuries); Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) ("[C]onstitutional torts ... require a demonstration of both but-for and proximate causation" and "intervening acts of other[s]" may "insulate" a defendant from liability).

Finally, nothing in the amended complaint indicates that the delay between 10:00 p.m. and 2:45 a.m., under five hours, exacerbated Porter's injuries in any way or that the delay was done with a specific intent to punish. To the contrary, the medical personnel that treated Porter that morning found the injury was minor and treated it with Neosporin and a band aid. See Martin v. Gentile, 849 F.2d 863, 871-72 (4th Cir.1988) (fourteen-hour delay did not amount to deliberate indifference where the injuries consisted of a cut over one eye, a quarter-inch piece of glass embedded in the palm, and bruises on plaintiff's shoulders and elbows); see also Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018) ("Where a deliberate indifference claim is

predicated on a delay in medical care, we have ruled that there is no Eighth Amendment violation unless 'the delay results in some substantial harm to the patient,' such as a 'marked' exacerbation of the prisoner's medical condition or 'frequent complaints of severe pain.'"). The second amended complaint does not allege any substantial harm befell Porter as a result of either the injury or the treatment. Accordingly, defendant Harris's motion to dismiss will be granted.

### IV. Conclusion

For the reasons outlined above, defendants' motions to dismiss [Dkt. No. 72] will be granted through an Order that will issue alongside this Memorandum Opinion.

Entered this __2__ day of __March__ 2022.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge